# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Ryan Ray Corman, | ) |
|       Plaintiff, | ) |
| vs. | ) Case No. 3:14-cv-55 |
| Shawn Lee, DCS, NDSH, Cathy Last Name Concealed, DCA3, NDSH, Dale Last Name Concealed, DCA3, NDSH, NDSH Clinical Team of May 16, 2014, Secure #2, Shannon Braaten, in her individual capacity, and Lorrie Reimer, in her individual capacity, | ) **REPORT AND RECOMMENDATION** |
|       Defendants. | ) |

Plaintiff Ryan R. Corman (Corman), who is proceeding in forma pauperis, filed a complaint alleging violations of 42 U.S.C. § 1983 and state law. The complaint concerns events alleged to have occurred while Corman was confined at North Dakota State Hospital (NDSH) as a sexually dangerous individual. Under 28 U.S.C. § 1915(e)(2), the court may sua sponte review an in forma pauperis complaint. If the court determines that the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from monetary relief claims, the court must dismiss the complaint. Additionally, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**Background**

Corman's complaint and supporting documents allege that the defendants, who are NDSH employees, retaliated against him by issuing false or inaccurate Resident Behavioral Write-Ups (RBW's). (Doc. #10, pp. 4-9; Doc. #10-2, p. 2; Doc. #11; Doc. #12; Doc. #13, pp. 3-5; Doc. #14; Doc. #15, pp. 3, 5-6; Doc. #25, pp. 1-2). An NDSH form states that RBW's are

"issued for any inappropriate behavior," or for disobeying or not adhering to any "rule, policy, or directive." (Doc. #8-1, p. 2). Corman contends that the defendants' issuance of the RBW's resulted in the imposition of various "unwarranted and unlawful sanctions" against him. (Doc. #10, pp. 4, 6-7; Doc. #10-2, p. 2; Doc. #13, p. 5; Doc. #15, pp. 3-6). He also alleged his fear that the RBW's would be used to prevent him from advancing in the treatment program, and to prevent his release from civil commitment. (Doc. #10, p. 7; Doc. #12; Doc. #13, pp. 3-5; Doc. #15, pp. 5-6). However, Corman does not assert that the RBW's actually impacted his treatment program, or that they were used against him in any state court proceeding.

Corman also alleges that he was not afforded due process with regard to the false or inaccurate RBW's. See, e.g., (Doc. #10, pp. 6, 8) (alleging that the "clinical team" did not allow Corman to present evidence or call witnesses before he was sanctioned); (Doc. #10-2, p. 2) (alleging that the sanctions were put in effect before he could appeal); (Doc. #13, p. 3) (alleging that Corman's appeals were "routinely denied . . . without any investigation or attempt to ascertain facts"); (Doc. #14, p. 1) (alleging that RBW's resulted in "instant negative consequences"); (Doc. #15, p. 1) (alleging that there was "no legitimate investigation [with regard to] a[n] RBW, appeal, or grievance . . . and the sanctions [were] levied immediately, without due process"); (Doc. #15, p. 5) (alleging that Corman was "force-moved to the punishment ward" simultaneous with being "presented . . . another major level RBW").

Corman seeks an "order compelling the restoration and vindication of [his] guaranteed civil rights," an "order compelling a state and/or [f]ederal law enforcement investigation of criminal practices by NDSH admin[istration]/staff members," an "order mandating [that] NDSH purge all prejudicial/inaccurate information" from the hospital's files, and an "order compelling

2

[a] DHS investigation into acceptance/tolerance of unethical/unlawful practices by NDSH staff and administration." (Doc. #10, p. 10). The complaint also requested monetary damages, but Corman has since withdrawn that request. (Doc, #25, pp. 2-3).

**Law and Discussion**

**1.     Requests for Investigations**

Corman requests that the defendants' "criminal" and "unlawful practices" be investigated by "DHS" and law enforcement. (Doc. #10, p. 10). However, a private citizen does not have a constitutional right or any other basis to compel an investigation. Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Corman is not entitled to compel an investigation of the defendants' actions. To the extent the complaint requests that any investigations be initiated, the complaint should be dismissed.

**2.     Requests for an Injunction and Other Equitable Relief**

The court interprets Corman's request for an "order compelling the restoration and vindication of [his] guaranteed civil rights," (Doc. #10, p. 10), as seeking an injunction against retaliatory discipline or due process violations. Additionally, Corman seeks equitable relief in the form of an order requiring that all prejudicial or inaccurate information be eliminated from his NDSH records.

Article III of the Constitution limits the jurisdiction of federal courts to actual cases or controversies. City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). "A central component of

the 'case or controversy' requirement is standing." Hammer v. Sam's East, Inc., 754 F.3d 492, 497 (8th Cir. 2014) (quoting Lance v. Sam's East, Inc., 549 U.S. 437, 439 (2007)).

To have standing to seek injunctive or equitable relief, Corman would have to show that he is "likely to suffer future injury that will be remedied by the relief sought." Elizabeth M. v. Montenez, 458 F.3d 779, 784 (8th Cir. 2006). "'Past exposure to illegal conduct' is not enough absent present adverse effects." Id. (quoting Lyons, 461 U.S. at 102). A claim seeking to alter the conditions at an institution "normally becomes moot when the plaintiff is no longer subject to the challenged conditions." Elizabeth M., 458 F.3d at 784 (citing Inmates of Lincoln Intake & Det. Facility v. Boosalis, 705 F.2d 1021, 1023-24 (8th Cir. 1983)).

A previous order denied Corman's motions seeking injunctive relief, since Corman is no longer confined at NDSH and since he failed to demonstrate that he is likely to suffer any future injury. (Doc. #23). Corman has not alleged that his circumstances have changed since the court's earlier order denying him injunctive relief. He has not alleged or shown in any of the documents filed with the court that he is likely to suffer a future injury which could be remedied through an injunction or order requiring that information be eliminated from his NDSH records. Corman no longer has standing to seek injunctive or equitable relief, so the court no longer has jurisdiction. To the extent the complaint requests an injunction and equitable relief, the complaint should be dismissed.

**Conclusion**

Corman does not have standing to seek an injunction or other equitable relief ordering that NDSH eliminate information from its records; therefore, this court lacks jurisdiction over those claims. His request to compel investigations fails to state a claim because a private party

4

has no legal right to that remedy. It is **RECOMMENDED** that Corman's complaint be **DISMISSED** without prejudice, and that the court find that any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis.

Dated this 15th day of May, 2015.

*/s/ Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(3), plaintiff may object to this Report and Recommendation by filing with the Clerk of Court no later than May 29, 2015, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.